```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| DEREK PANNELL, | : | HON. NOEL L. HILLMAN |
| Petitioner, | : | Civil No. 12-6040 (NLH) |
| v. | : |  |
| DONNA ZICKEFOOSE, | : | **OPINION** |
| Respondent. | : |  |

APPEARANCES:

    DEREK PANNELL, #74386-053
    FCI Allenwood Low
    P.O. Box 1000
    White Deer, PA 17887
    Petitioner Pro Se

    JOHN ANDREW RUYMANN, Assistant U.S. Attorney
    PAUL J. FISHMAN, United States Attorney
    402 E. State Street
    Trenton, NJ 08608
    Attorneys for Respondents

HILLMAN, District Judge

    Derek Pannell filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of good conduct time forfeited as a disciplinary sanction by the Bureau of Prison's ("BOP"). Respondent filed an Answer, together with the declaration of Tara Moran and relevant documents, arguing that the Petition should be dismissed. For the reasons expressed below, this Court will dismiss the Petition.

I.  BACKGROUND

Pannell challenges the loss of 40 days of earned good conduct time, forfeited as a disciplinary sanction for possession of a hazardous tool – cell phone ear buds - in violation of code 108, while he was confined at FCI Fort Dix on December 2, 2010.[1]  The report of the Discipline Hearing Officer dated May 6, 2011, relied on the following evidence:

> I find that on or about December 2, 2010 . . , you did commit the prohibited act of Possessing a hazardous tool, a cell phone ear buds.
>
> This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee.  The employee documented, "On December 2, 2010 at approximately 9:10 p.m. I was conducting a random shakedown in room 232-6L of unit 5812.  I found a BLACK LG CELL PHONE EAR PIECE in the middle of a toilet paper roll, that was on the fourth shelf in the back of inmate Pannell, Derrek, #74386-053 secure wall locker.  Operation Lieutenant was notified.  Inmate Pannell is in violation of code 305 for possession of anything not authorized."

---

[1] To the extent that Petitioner challenges the loss of commissary, telephone, and visitation privileges and disciplinary segregation, these claims are not cognizable under 28 U.S.C. § 2241 because they do not affect the fact or duration of Petitioner's confinement. See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007); Bronson v. Demming, 56 F. App'x 551 (3d Cir. 2002); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 n.5 (3d Cir. 2005).  Alternatively, while the Due Process Clause protects against the revocation of good conduct time, it does not protect against loss of privileges or 30 days of disciplinary confinement.  See Sandin v. Conner, 515 U.S. 472 (1995); Torres v. Fauver, 292 F. 3d 141, 150-51 (3d Cir. 2002).

2

> The DHO took into consideration your statements, specifically, "I picked up that item from the table that day. I asked Jones if it was his he replied no. I put it in my locker not knowing exactly what it was[,]" as corroborating the incident report. Additionally, you are responsible to insure your assigned area remains contraband free[. T]herefore you are responsible for the contents in your assigned locker.
>
> The violation of prohibited act Code 108, Possession of a Hazardous Tool, is supported in the incident report . . . Based upon the evidence provided before me, your actions are consistent with a violation Code 108 – Possession of a hazardous tool.

(ECF No. 13-1 at 28.)

The final administrative decision, issued by Harrell Watts, Administrator of the BOP's National Inmate Appeals, is dated August 15, 2012. Watts upheld the Disciplinary Hearing Officer as follows:

> Review of the record reveals that "an electronic communication device or related equipment" may be charged as a code 108 offense. The memorandum posted at FCI Fort Dix gave inmates sufficient notice that possession of a cell phone constitutes a violation of Code 108 . . . Further, including cell phones under that rule would not require a formal rule change under the APA. We find it reasonable for the DHO to have made this determination based on a review of the evidence. Although you dispute the charge, the evidence is sufficient to support the decision rendered.

(ECF No. 13-1 at 14.)

Pannell challenges the loss of good conduct time on the following grounds: (1) "[t]his petitioner . . . received no legal notice that the offense for which he was charged, '...possession of electronic equipment associated with a cell phone. . .', had been elevated from a PAC 305 to a PAC 108" (ECF No. 1 at 6); (2) the inclusion of possession of a cell phone ear bud as a violation of Code 108 violates the Administrative Procedures Act (ECF No. 1 at 10-11); (3) Code 108 is unconstitutionally void because it did not clearly prohibit possession of a cell phone ear bud (ECF No. 1 at 12); and (4) the BOP violated Petitioner's right to equal protection by charging other prisoners who possessed communication devices with a lesser disciplinary charge, Code 305, carrying lesser sanctions (ECF No. 1 at 13).

The BOP filed an Answer, declaration and exhibits, arguing that the Petition should be dismissed on the merits because Petitioner received due process, code 108 is not unconstitutionally vague, the BOP did not violate the Administrative Procedures Act, and Petitioner was not treated differently than similarly situated prisoners.  (ECF No. 13.)

4

**II.  DISCUSSION**

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
>     . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of sentence-reducing good conduct time on constitutional grounds, see Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action"); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991), and he was incarcerated at FCI Fort Dix in New Jersey at the time he filed the Petition.

5

B.  Due Process and Administrative Procedures Act Claims

"[A] prisoner has a constitutionally protected liberty interest in good time credit." Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991).  Pannell argues that his right to due process was violated because he received no notice that the penalty for possession of cell phone ear buds had increased from a moderate disciplinary code violation of code 305 to a disciplinary violation of the greatest severity under code 108.  He contends that the increase in the penalty was not in compliance with the Administrative Procedures Act and he therefore received no notice of the penalty increase.

BOP regulations authorize the BOP to impose sanctions when an inmate is found to have committed a prohibited act. See 28 C.F.R. § 541.3(b).  In 2010, prohibited acts under BOP regulations defined code 108 as follows:  "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13, Table 3.[2]  The BOP's

---

[2] The relevant regulation was revised on March 1, 2011, effective June 20, 2011. See 76 Fed. Reg. 11079.  The present version of the regulation specifically includes a portable telephone,

6

interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation." Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 389 (3d Cir. 2001). The BOP's definition of hazardous tool to include cell phone ear buds is not plainly erroneous or inconsistent with BOP regulations. See Hicks v. Yost, 377 F. App'x. 223 (3d Cir. 2010) (holding that the BOP's definition of hazardous tool in code 108 to include a cell phone is not plainly erroneous or inconsistent with BOP regulations); McGill v. Martinez, 348 F. App'x 718 (3d Cir. 2009) (holding that, where officer found a cell phone and a charger in petitioner's cubicle, the BOP did not violate due process or abuse its discretion in sanctioning him with 40 days of good conduct time for possession of hazardous tool, code 108); Robinson v. Warden, FCI Fort Dix, 250 F. App'x 462, 464 (3d Cir. 2007) ("The BOP's definition of a hazardous tool to include a cell phone is not plainly erroneous or inconsistent with BOP regulations, see Chong v. Dist. Dir., I.N.S., 264 F. 3d 378, 389 (3d Cir. 2001), and Robinson's conduct clearly falls within Code 108").

---

pager, or other electronic device as a hazardous tool. See 28 C.F.R. § 541.3, Table 1, Prohibited Acts and Available Sanctions.

In addition, the Third Circuit rejected the Administrative Procedure Act claim which Pannell raises in Ryan v. Scism, 474 F. App'x 49 (3d Cir. 2012).  In Ryan, the Third Circuit ruled:

> The APA requires that general notice of the proposed regulation be published in the Federal Register and that interested persons be given an opportunity to comment on the proposed regulation.  The APA applies only to legislative rules, rules that impose new duties upon the regulated party.  PAC 108, however, is an interpretive rule, and therefore the APA does not apply . . . .  BOP acted within its authority in interpreting PAC 108, and Ryan has not shown that BOP's interpretation that the possession of cellular phone is a prohibited act under PAC 108 is plainly erroneous or inconsistent with the regulation.

Ryan v. Scism, 474 F. App'x at 51-52 (citations omitted).

Pannell further argues that code 108 is unconstitutionally void for vagueness.  A regulation is void for vagueness if it (1) "fails to provide people or ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732 (2000).  In Ryan, the Third Circuit rejected the claim that code 108 is unconstitutionally void for vagueness, finding that "[o]ne can readily infer from the language of PAC 108 that a cellular phone would be among those tools hazardous to institutional security and likely to be used in an escape or escape attempt." Ryan, 474 F. App'x at 52.

8

C.  Equal Protection

Pannell also contends that the BOP violated his right to equal protection by charging other prisoners who possessed cell phones or similar items with violation of code 305, a lesser disciplinary charge.  He alleges that the BOP downgraded the charges of inmate Neagle and restored Neagle's good time credits in Neagle v. Zickefoose, Civ. No. 09-2016 (NLH)(D.N.J. filed Apr. 29, 2009).[3]

The Equal Protection Clause requires that all people similarly situated be treated alike.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  A person who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination that had a discriminatory effect on him.  See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Whitus v. Georgia, 385 U.S. 545, 550 (1967).  "Thus, to prevail under the Equal Protection Clause, [petitioner] must prove that the decisionmakers in *his* case acted with discriminatory purpose." McCleskey, 481 U.S. at 292.

The problem with Petitioner's equal protection claim is that he has not shown that his disciplinary sanction was the

---

[3] In that case, Respondent stated in the answer that the Code 108 infraction was expunged from Neagle's record. See Neagle, Civ. No. 09-2016 (NLH) slip op. (D.N.J. June 18, 2010).

result of purposeful discrimination.  Accordingly, his equal protection claim fails.  See Ryan, 474 F. App'x at 52 (holding that BOP did not violate equal protection by charging other inmates, including inmate Neagle, with a lesser charge); Millard v. Hufford, 415 F. App'x 348, 349-50 (3d Cir. 2011) ("Millard cited various cases in which inmates received less severe punishment for the same violation committed by Millard (possession of a weapon), arguing that because he received harsher punishment than other inmates for the same offense, the punishment must have been the result of discrimination . . . . Millard's argument falls well short of establishing the purposeful discrimination necessary to make out an equal protection claim").

### III. CONCLUSION

For the reasons set forth above, the Court will dismiss the Petition for a Writ of Habeas Corpus.

                                s/Noel L. Hillman
                                **NOEL L. HILLMAN, U.S.D.J.**

Dated:  August 3, 2016

At Camden, New Jersey